# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMES FARRIS, Next Friend of KEAGAN
FARRIS,

       Plaintiff-Appellant,

v

JOHN H. MCKAIG, III,

       Defendant-Appellee.

FOR PUBLICATION
May 17, 2018

No. 337366
Antrim Circuit Court
LC No. 2016-009053-NM

---

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent.

Each side has presented a reasonable construction of the two statutes. Appellee points to the protections given to GALs at the time the LGAL statute was passed, and argues that in adopting the latter, the legislature already knew that the GTLA provided immunity and so there was no need to do so within the LGAL statute itself. Appellant points to the same statutory history but argues if the legislature wanted LGALs to have immunity it would have explicitly done so in the LGAL statute or at least made reference therein to the immunity provided in the GTLA.[1] Each side has set forth a principled way to determine the statutory construction and relied on proper principles of statutory construction. Accordingly, it should be our task, if possible to resolve the question in a manner that is consistent with both constructions.

The duties of an LGAL are far broader and more extensive than that of a GAL. The duties of a GAL are set forth in MCR 5.121(C) in relevant part as follows, "Before the date set for hearing the guardian ad litem . . . shall conduct an investigation and shall make a report in open court or file a written report of the investigation and recommendations. MCR 5.121(E) goes on to state that if the person appointed as GAL is an attorney, "that appointment does not create an attorney-client relationship" and that the GAL's communications with the child "are not subject to the attorney-client privilege."

---

[1] Each also present credible argument about the significance of the fact that when the GTLA was adopted, there was no such thing as a LGAL.

The duties of an LGAL are set forth in MCL 712A.17d:

(1) A lawyer-guardian ad litem's duty is to the child, and not the court. The lawyer-guardian ad litem's powers and duties include at least all of the following:

(a) The obligations of the attorney-client privilege.

(b) To serve as the independent representative for the child's best interests, and be entitled to full and active participation in all aspects of the litigation and access to all relevant information regarding the child.

(c) To determine the facts of the case by conducting an independent investigation including, but not limited to, interviewing the child, social workers, family members, and others as necessary, and reviewing relevant reports and other information. The agency case file shall be reviewed before disposition and before the hearing for termination of parental rights. Updated materials shall be reviewed as provided to the court and parties. The supervising agency shall provide documentation of progress relating to all aspects of the last court ordered treatment plan, including copies of evaluations and therapy reports and verification of parenting time not later than 5 business days before the scheduled hearing.

(d) To meet with or observe the child and assess the child's needs and wishes with regard to the representation and the issues in the case in the following instances:

(*i*) Before the pretrial hearing.

(*ii*) Before the initial disposition, if held more than 91 days after the petition has been authorized.

(*iii*) Before a dispositional review hearing.

(*iv*) Before a permanency planning hearing.

(*v*) Before a post-termination review hearing.

(*vi*) At least once during the pendency of a supplemental petition.

(*vii*) At other times as ordered by the court. Adjourned or continued hearings do not require additional visits unless directed by the court.

(e) The court may allow alternative means of contact with the child if good cause is shown on the record.

(f) To explain to the child, taking into account the child's ability to understand the proceedings, the lawyer-guardian ad litem's role.

(g) To file all necessary pleadings and papers and independently call witnesses on the child's behalf.

(h) To attend all hearings and substitute representation for the child only with court approval.

(i) To make a determination regarding the child's best interests and advocate for those best interests according to the lawyer-guardian ad litem's understanding of those best interests, regardless of whether the lawyer-guardian ad litem's determination reflects the child's wishes. The child's wishes are relevant to the lawyer-guardian ad litem's determination of the child's best interests, and the lawyer-guardian ad litem shall weigh the child's wishes according to the child's competence and maturity. Consistent with the law governing attorney-client privilege, the lawyer-guardian ad litem shall inform the court as to the child's wishes and preferences.

(j) To monitor the implementation of case plans and court orders, and determine whether services the court ordered for the child or the child's family are being provided in a timely manner and are accomplishing their purpose. The lawyer-guardian ad litem shall inform the court if the services are not being provided in a timely manner, if the family fails to take advantage of the services, or if the services are not accomplishing their intended purpose.

A review of the court rule and the statute demonstrate that an LGAL has many duties that a GAL does not have, some of which flow from the attorney-client relationship and some from the more specific requirements in MCL 712A.17d that are not within the scope of MCR 5.121. I would therefore, conclude that whether or not immunity applies to an LGAL turns on whether the action or omission complained of was one that fell within the more limited duties of a GAL or only within the broader statutory of an LGAL. While the question of immunity is confusing when focusing only on the actor's *title*, i.e. GAL or LGAL, they are not confusing when viewed through the lens of the scope of action authorized to, and required of, each.

Accordingly, I would hold that when a LGAL is sued for a violation of a duty, the court must determine whether that duty is one also performed also by a GAL. If it is, the Legislature intended to protect the party performing that duty whether called a GAL or an LGAL. If it is not, then the Legislature did not intend to immunize the LGAL.

Determination of whether immunity applies in this case, and if so to what extent, involves a fuller understanding of plaintiff's claims than we can discern simply from the complaint. I would therefore reverse the grant of summary disposition and remand the case to the trial court to allow it, after permitting what it finds to be necessary discovery, to determine which if any of plaintiff's claims are directed to duties and authority not possessed by a GAL but possessed by an LGAL. Actions or omissions complained of that arise out of the authority of a GAL should be dismissed on the grounds of immunity. Actions or omissions that flow solely from the duties and authority of an LGAL should not be dismissed as they are not subject to immunity.

/s/ Douglas B. Shapiro